IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-01138-REB-BNB

ROBERT LOPEZ, and
KELLI LOPEZ, individually, and as Guardians *ad litem* for SIERRA WINDHOLZ, a minor,

Plaintiffs,

v.

DEL MONTE FRESH PRODUCE N.A., INC., a foreign corporation, and
JOHN DOES 1-10,

Defendants.
_____

**ORDER**
_____

This matter arises on **Defendant Del Monte Fresh Produce N.A., Inc.'s** *Unopposed* **Motion for Reconsideration, Or In the Alternative, To Modify the Trial Preparation Conference Order and Scheduling Order** [Doc. # 27, filed 8/18/2011] (the "Motion"). The Motion has been referred to me for determination, Memorandum [Doc. # 28], and I construe it as a motion for extension of the pretrial deadlines and the trial date. The Motion is DENIED.

The practice standards of the district judge provide that "[w]henever practicable, the case shall be set for trial within twelve (12) to fourteen (14) months from the filing of the complaint." REB Civ. Practice Standard IV.B.1. This case was removed to this court on April 28, 2011. Consistent with his practice standards, the district judge set the case for trial beginning June 4, 2012, just less than 14 months from the date of removal.

I entered a Scheduling Order [Doc. # 24] on June 22, 2011. The pretrial deadlines comport with the requirements of the district judge that the case be ready for trial within 14

months, and include the following:

| | |
|---|---|
| Plaintiffs' expert disclosures: | October 3, 2011 |
| Defendants' expert and rebuttal expert disclosures: | November 1, 2011 |
| Plaintiffs' rebuttal expert disclosures: | December 1, 2011 |
| Discovery cut-off: | December 23, 2011 |
| Dispositive motion deadline: | January 23, 2012 |
| Pretrial conference: | February 29, 2012. |

In addition, the district judge set a final trial preparation conference for May 18, 2012, and set the case for trial commencing June 4, 2012.  Trial Preparation Conference Order [Doc. # 25].

Defendant Del Monte seeks to extend all pretrial deadlines by approximately seven months.[1]  In support of the Motion, Del Monte argues:

1.   The plaintiffs have served discovery which expands the scope of the case from a single "alleged food contamination claim . . . to include topics that are well beyond the issues raised in the pleadings" and, specifically, to "seek discovery related to Del Monte's voluntary and limited recall of cantaloupes," Motion [Doc. # 27] at p. 2; and

2.   That it must "obtain information from non-parties, including various local, state and federal government entities," id., including the State of Colorado, the FDA, and the CDC. Id. at p. 3.  According to Del Monte, the FDA regularly converts subpoenas into FOIA requests, that can take up to one year to be processed.  Id. at p. 3 n. 3.  Consequently, Del Monte argues,

---

[1] Rather than a single discovery cut-off, as is established by the Scheduling Order, Del Monte requests that fact discovery be extended by approximately five months to May 1, 2012, and that expert discovery be extended by approximately eight months to August 15, 2012. Proposed Order [Doc. # 27-1] at p. 1.

"maneuvering through the agency procedure to obtain any related information will require timing that may not likely fall within this Court's current time constraints." Id. at pp. 2-3. In particular, Del Monte cites United States ex. rel. Touhy v. Ragen, 340 U.S. 462 (1951), as demonstrating the procedures it must follow to obtain documents from federal agencies.

Significantly, although Del Monte argues that it anticipates long delays in obtaining documents it claims are necessary to defend this action, and claims to have served "various subpoenas," there is no indication that those delays actually are being experienced. Nor is there any meaningful description of the documents Del Monte claims it needs from governmental agencies and why they are required.

Touhy stands for two unremarkable propositions: (1) federal agencies may by regulation or order withdraw from subordinates and consolidate in a single, high ranking officer the authority to release agency records; and (2) subpoenas must be personally served on the officers authorized to release the records. Ceroni v. 4Front Engineered Solutions, Inc., __ F. Supp. 2d __, 2011 WL 2174463 *3 (D. Colo. June 3, 2011). In the event the subpoenaed official refuses to comply with the commands of the subpoena, a motion to compel must be brought in the district where the subpoena was served. Id. at *4.

Any disputes as to the proper scope of discovery as between the parties may be brought in this court and will be promptly decided. To date, Del Monte has not sought any protection from the plaintiffs' discovery requests. Proper use of subpoenas, even against federal agencies, ordinarily can result in the prompt production of responsive materials. If, as Del Monte anticipates, there is some substantial delay in obtaining documents or materials which it demonstrates are necessary to its defense, it may file a renewed motion for extension supported

by a factual showing of delay and necessity. On the record now before me, however, I cannot say that good cause exists for the enormous extensions, and the delay of the trial, which Del Monte seeks.

IT IS ORDERED that the Motion [Doc. # 27] is DENIED.

Dated August 25, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge