IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-01138-REB-BNB

ROBERT LOPEZ, and
KELLI LOPEZ, individually, and as guardians *ad litem* for S. W., a minor,

Plaintiffs,

v.

DEL MONTE FRESH PRODUCE N.A., INC., a foreign corporation,
PRODUCTOS AGRICOLAS DE ORIENTE, S.A., a Guatemalan corporation,
COSTCO WHOLESALE CORPORATION, a foreign corporation, and
JOHN DOES 1-10,

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the **Joint Motion for Extension of Case Schedule and to Continue Trial Date** [Doc. # 56, filed 12/6/2011] (the "Motion for Extension").

The plaintiffs were allowed to amend their complaint to join as a defendant Productos Agricolas de Oriente, S.A. ("PAO"), a Guatemalan corporation. The Motion for Extension reports that Guatemala is not a signatory to the Hague Service Convention and that, despite reasonable efforts which are detailed in a supporting declaration, the plaintiffs have not yet been able to perfect service of process against PAO and do not expect to do so within the next 60 days.

I am convinced that the plaintiffs have acted with reasonable diligence but that despite those efforts they have not been able to effect international service of process against PAO. This is good cause to extend the pretrial deadlines. The requested extensions of 90 days are

reasonable in light of the anticipated service date on PAO.

I cannot grant the requested extensions, however, because to do so would conflict with the trial date of June 4, 2012, set by the district judge. Consequently, I must proceed by recommendation.

I respectfully RECOMMEND that the Motion for Extension [Doc. # 56] be GRANTED, and that the case schedule be modified to the following extent:

>Discovery Cut-Off:			June 19, 2012
>
>(All discovery must be completed by the discovery cut-off. All written discovery must be served so that responses are due on or before the discovery cut-off.)
>
>Dispositive Motions Deadline:		June 19, 2012
>
>Expert Disclosures:
>
>(a)	The plaintiffs shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 30, 2012
>
>(b)	The defendants shall designate all experts and rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 30, 2012
>
>(b)	The plaintiffs shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before May 17, 2012

The trial preparation conference set for May 18, 2012, and the trial set to commence on June 4, 2012, be vacated and reset.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific,

written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated December 7, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge